UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KASSEM MOHAMAD TAHA, Petitioner,

v. Civil Action No. 4:26-cv-462-DJH

MIKE LEWIS, Jailer, Hopkins County Jail et al., Respondents.

* * * * *

**MEMORANDUM AND ORDER**

Petitioner Kassem Mohamad Taha, a lawful permanent resident currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings and following a denial of bond. Taha alleges that his detention by immigration authorities violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 9). After careful consideration, the Court will grant Taha's petition for the reasons explained below.

**I.**

Taha is a native and citizen of Lebanon. (D.N. 1, PageID.3 ¶ 10; D.N. 8, PageID.46) He has been a lawful permanent resident of the United States since 2019. (D.N. 1, PageID.3 ¶ 10; D.N. 1-2, PageID.13; D.N. 8, PageID.46) On April 23, 2026, Taha was issued a Notice to Appear, placing him in removal proceedings under section 240 of the Immigration and Nationality Act. (D.N. 1, PageID.4 ¶ 18; D.N. 8-1, PageID.55–58) The Department of Homeland Security (DHS) classified Taha as "an arriving alien." (D.N. 8-1, PageID.55, 46; D.N. 1, PageID.18 ¶ 18) An

administrative arrest warrant was issued the same day. (*See* D.N. 8-3, PageID.64) On May 18, 2026, DHS substituted the charges in the Notice to Appear, alleging that Taha engaged in marriage fraud "to obtain immigration benefits." (D.N. 1-3, PageID.14; D.N. 8-4, PageID.66)

After withdrawing an initial bond request, Taha requested a custody redetermination pursuant to 8 C.F.R. § 1236. (D.N. 8-5, PageID.69; D.N. 1-4, PageID.16; D.N. 8-6, PageID.72) Following a bond hearing on May 27, 2026, an immigration judge denied bond, stating: "The respondent has not established that he is not a risk of flight." (D.N. 1-4, PageID.16; D.N. 8-6, PageID.72) Although neither party provided a transcript or recording of the hearing, Taha alleges that the immigration judge's "flight-risk determination rested on DHS's unproven fraudulent-marriage allegation . . . and did not account for [Taha]'s lack of any criminal history, his years of lawful permanent residence, his stable employment and housing, or his family and community ties in the United States." (D.N. 1, PageID.5 ¶ 21) While Taha's Board of Immigration Appeals (BIA) appeal deadline was June 26, 2026 (*see* D.N. 1-4, PageID.17; D.N. 8-6, PageID.73), it is unclear from the record whether Taha timely appealed the immigration judge's decision. (D.N. 8, PageID.48; *see* D.N. 9, PageID.79) Taha remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 1, PageID.3 ¶ 10; D.N. 8, PageID.47)

Taha seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director Samuel Olson, DHS Secretary Markwayne Mullin, and Attorney General Todd Blanche. (*See* D.N. 1, PageID.3–4 ¶¶ 11–14; *see also* D.N. 1-7, PageID.22) Taha alleges that his detention violates due process under the Fifth Amendment and section 1226(a) of the Immigration and Nationality Act and its implementing regulations. (*See* D.N. 1, PageID.6–8 ¶¶ 25–42) He asks the Court to order his immediate release. (*See id.*, PageID.8–9) Respondents argue that (1) Taha challenges the

"discretionary decision of the immigration judge" denying bond and thus the Court lacks jurisdiction to consider the petition and (2) Taha should exhaust administrative remedies by appealing the bond decision to the BIA. (D.N. 8, PageID.47–53)

**II.**

**A. Jurisdiction**

Pursuant to 8 U.S.C. § 1226(e),

> [t]he Attorney General's discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Thus, "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Marroquin v. Noem*, No. 26-45-DLB, 2026 WL 575222, at *3 (E.D. Ky. Mar. 2, 2026) (quoting *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025)); *see Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Specifically, the Court lacks jurisdiction to consider claims that challenge the immigration judge's "weighing [of] the evidence" and "raise[] quintessentially factual arguments about the [immigration judge's] decision." *Marroquin*, 2026 WL 575222, at *4 (citing *Nielsen*, 586 U.S. at 401). But the Court does not lack jurisdiction under § 1226(e) "where th[e] bond denial is challenged as legally erroneous." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 124 (D.R.I. 2025) (quoting *Mayancela Mayancela v. FCI Berlin, Warden*, No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *4 (D.N.H. Nov. 18, 2025)).

The Court may consider Taha's claims in the petition to the extent they challenge the evidentiary basis of the immigration judge's decision. (*See* D.N. 9, PageID.75–77; *see also* D.N. 1, PageID.6–8 ¶¶ 25–42) "[T]he [flight-risk] determination is a finding based on the application of a statutory legal standard to an established set of facts, which is a reviewable question of law not barred by Section 1226(e)." *España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 821788,

at *6 (D.R.I. Mar. 25, 2026) (internal quotation marks omitted) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212, 225 (2024); *Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024)). The Court may therefore consider whether the evidence relied on by the immigration judge established, as a matter of law, that Taha posed a flight risk. *See Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217, at *5–6 (W.D. Ky. June 30, 2026) (assessing evidence upon which the immigration judge relied for flight-risk determination to deny bond); *Garcia*, 817 F. Supp. 3d at 126 ("[T]he issue here is not whether this Court believes that the proof establishes that [the petitioner] poses a flight risk. Rather, the question is whether the evidence that the [immigration judge] relied on at the bond hearing could—as a matter of law—establish that [the petitioner] posed a flight risk." (emphasis and citation omitted)).

**B. Exhaustion of Remedies**

Respondents argue that Taha should exhaust administrative remedies by appealing the immigration judge's decision to the BIA. (*See* D.N. 8, PageID.50–53) The appeal deadline was June 26, 2026 (*see* D.N. 1-4, PageID.17; D.N. 8-6, PageID.73), and it is unclear from the record whether Taha timely appealed the immigration judge's decision. (D.N. 8, PageID.48; *see* D.N. 9, PageID.79)

Because "there is no applicable statute or rule that mandates administrative exhaustion" here, the Court may exercise its discretion as to whether exhaustion should be required. *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026) (citing *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). District courts in the Sixth Circuit apply the three-factor test set out in *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983), in deciding whether to require exhaustion. *See Soto-Medina*, 817 F. Supp. 3d at 619. Under that test, a court may require exhaustion when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* at 619–20 (citing *California Care Corp.*, 709 F.2d at 1248). Here, whether Taha's bond hearing violated due process is "principally a legal question" that does not require agency consideration. *Id.* at 620. Second, waiving exhaustion would not encourage the deliberate bypass of administrative review because Taha's petition raises constitutional claims regarding the adequacy of his bond hearing (*see* D.N. 1, PageID.6–7 ¶¶ 25–33; D.N. 9, PageID.75–77). *Cf. Garcia*, 817 F. Supp. 3d at 125 (concluding that claims contesting immigration judge's determination of flight risk during a bond hearing "ultimately raise[] a constitutional challenge"). And "the BIA cannot review constitutional challenges." *Soto-Medina*, 817 F. Supp. 3d at 620 (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006)). For the same reason, administrative review would not preclude the need for judicial review under the third *California Care Corp.* factor. *See id.* Accordingly, the Court will waive exhaustion and consider Taha's petition. *See Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *3–4 (W.D. Ky. Nov. 4, 2025) (citation omitted) (waiving exhaustion where the petitioner did not appeal his decision); *see also Picado v. Hyde*, No. 26-cv-065-JJM-PAS, 2026 WL 352691, at *4–6 (D.R.I. Feb. 9, 2026) (waiving exhaustion where it was "unclear from the record whether [the petitioner] ha[d] appealed").

### C. Bond Hearing

To establish flight risk in a bond hearing, the government must demonstrate by clear and convincing evidence that a noncitizen presents a flight risk. *See Singh*, 2026 WL 1880217, at *5 (citing *Soto-Medina*, 817 F. Supp. 3d at 627–29 (discussing cases)). "[T]he clear and convincing standard is met by proving that a factual contention is 'highly probable.'" *España*, 2026

WL 821788, at *13 (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)). "[T]o obtain habeas relief, the noncitizen must show that the [immigration judge] 'failed to place the burden of proof on the Government' to . . . show [flight risk] by clear and convincing evidence." *Picado*, 2026 WL 352691, at *6 (quoting *Mayancela*, 2025 WL 3215638, at *5).

In making a bond determination, an immigration judge "must sufficiently explain their reasoning to permit appellate or judicial review of their decision." *Garcia*, 817 F. Supp. 3d at 120 (citing *Mayancela*, 2025 WL 3215638, at *6). While the immigration judge "need not discuss ad nauseam every piece of evidence," they "may not simply ignore substantial testimonial and documentary proof." *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (quoting *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007)). In short, the immigration judge must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[] [their] reasoning." *Id.* (quoting *Pan*, 489 F.3d at 87).

After Taha's custody-redetermination hearing (D.N. 1, PageID.5 ¶ 21; D.N. 8, PageID.46), the immigration judge denied bond, stating: "The respondent has not established that he is not a risk of flight." (D.N. 1-4, PageID.16; D.N. 8-6, PageID.72) While the order states that the bond determination was reached "[a]fter full consideration of the evidence presented" (D.N. 1-4, PageID.16; D.N. 8-6, PageID.72), there is no indication as to the factors considered or the specific evidence relied on.[1] "The [immigration judge] did not provide even a minimal articulation of the basis of h[is] decision. [H]e simply stated in mere conclusory fashion that Petitioner was a flight risk. That is not an individualized assessment." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 557–58 (D.N.J. 2026) (discussing cases). A conclusory, one-sentence denial that is silent as to the evidence considered is the kind of "rubber stamp" decision that courts across the country have found

[1] The parties refer to the "present[ation of] evidence" (D.N. 8, PageID.48; D.N. 9, PageID.82), but they have not provided any transcript or recording of the hearing.

constitutionally deficient. *See, e.g.*, *id.* at 558; *Rodriguez v. Greene*, No. 4:26-cv-0333, 2026 WL 574961, at *12–13 (N.D. Ohio Mar. 2, 2026) (finding that petitioner's continued detention without an individualized bond hearing violated due process under the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *4 (D. Colo. Apr. 22, 2026) (finding immigration judge's bond order "plainly deficient on its face"); *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026) (finding "an absence of the individualization required by due process" in a two-sentence bond decision). "[Taha]'s bond hearing . . . did not comport with the minimal requirements of due process because it was not individualized." *Lopez*, 830 F. Supp. 3d at 1373–74. And because Taha is unlawfully detained, the Court will order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Singh*, 2026 WL 1880217, at *6 (ordering immediate release); *Garcia*, 817 F. Supp. 3d at 131 (same); *Quiroz Zacarias*, 2026 WL 1092162, at *5 (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Taha's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Taha, and, in the event he is arrested and re-detained, provide him with an individualized bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **September 17, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

September 15, 2026

**David J. Hale, Chief Judge**
**United States District Court**